UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN SCOTT GRIFFITH,

                Petitioner,

    v.

DAN WHITE,

                Respondent.

CASE NO. 2:22-CV-01491-RJB-GJL

REPORT AND RECOMMENDATION

NOTED FOR: May 19, 2023

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner Kevin Scott Griffith, proceeding *pro se*, filed a federal habeas Petition pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 1. The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice.

I.    **Background**

On November 3, 2016, in the King County Superior Court, a jury found Petitioner guilty of one count of child molestation in the first degree. Dkt. 11-1 at 2, Ex. 1. On January 13, 2017, Petitioner was sentenced to life without the possibility of parole. *Id*. at 2–7. Petitioner challenged

1    his conviction and judgment on direct appeal. Dkt. 11-1, Ex. 2. The Court of Appeals of the State

2    of Washington ("state court of appeals") affirmed Petitioner's conviction on July 23, 2018. Dkt.

3    11-1, Ex. 6. Petitioner sought discretionary review by the Washington State Supreme Court

4    ("state supreme court"). Dkt. 11-1, Ex. 7. On November 28, 2018, the state supreme court denied

5    Petitioner's petition for review without comment. Dkt. 11-1, Ex. 8. Petitioner did not file for

6    certiorari in the United States Supreme Court. *See* Dkt. 10 at 3. The state court of appeals issued

7    its mandate on January 11, 2019. Dkt. 11-1, Ex. 9.

8        Petitioner filed an application for a state collateral attack, a personal restraint petition

9    ("PRP"), on April 8, 2019. Dkt. 11-1. Ex. 10. The state court of appeals dismissed the PRP as

10   untimely on May 2, 2019. Dkt. 11-1, Ex. 11. Petitioner subsequently filed a motion for

11   discretionary review with the state supreme court. Dkt. 11-1, Ex. 12. On October 3, 2019, the

12   state supreme court granted Petitioner's motion and remanded the matter to the state court of

13   appeals to consider the PRP as timely filed. Dkt. 11-1, Ex. 14. After taking additional briefing on

14   remand, the state court of appeals denied Petitioner's claims and dismissed the PRP on May 4,

15   2020. Dkt. 11-1, Ex. 17. Petitioner sought discretionary review by the state supreme court,[1]

16   which was denied by the deputy commissioner of the state supreme court on October 23, 2020.

17   Dkt. 11-1, Ex. 20; Dkt. 12, Ex. 24. Petitioner moved to modify the deputy commissioner's

18   decision. Dkt. 12, Ex. 25. The state supreme court denied the motion to modify without comment

19   and the state court of appeals issued the certificate of finality on March 9, 2021. Dkt. 12, Exs. 26,

20   27.

21   _____

22   [1] After his PRP was dismissed and prior to filing his motion for discretionary review, Petitioner filed
     motions in the state court of appeals seeking to vacate the order dismissing his PRP and to grant Petitioner leave to
     file an amended PRP presenting what he termed as newly discovered evidence. *See* Dkt. 11-1, Exs. 18, 19. In the

23   October 23, 2020, decision denying discretionary review, the deputy commissioner of the state supreme court noted
     Petitioner's filings and held that, if Petitioner had newly discovered evidence, he could file another PRP, and if the
     court determined the evidence qualified as "newly discovered," the PRP may be exempt from the one-year time bar

24   on collateral review. Dkt. 12, Ex. 24.

Petitioner filed a second PRP on June 29, 2021, raising, *inter alia*, a claim that newly discovery evidence undermined the verdict in his case. Dkt. 12, Ex. 28. Specifically, Petitioner provided evidence that, in 2020, the State charged the victim's uncle with first degree rape of a child, alleging the uncle sexually assaulted the victim sometime between January 1, 2011, and March 12, 2011, a timeframe prior to the alleged molestation by Petitioner. *Id*. On August 25, 2021, the state court of appeals transferred the case to the state supreme court after concluding Petitioner had filed a successive petition which raised a new ground for relief implicating a statutory exception to the time bar. Dkt. 12, Ex. 29. The deputy commissioner of the state supreme court dismissed the second PRP as untimely, holding that Petitioner's evidence would not have altered the outcome of his case and, thus, did not qualify as new evidence exempting the second PRP from the time bar. Dkt. 12, Ex. 30. Petitioner moved to modify the deputy commissioner's decision. Dkt. 12, Ex. 31. The state supreme court denied the motion to modify without comment and the state court of appeals issued the certificate of finality on April 1, 2022. Dkt. 12, Exs. 32, 33.

On October 19, 2022, Petitioner filed the instant Petition. *See* Dkts. 1, 3. On February 28, 2023, Respondent filed an Answer to the Petition, wherein he asserts the Petition was filed outside of the federal one-year statute of limitations. Dkt. 10. Respondent maintains the Petition is therefore time-barred and should be dismissed with prejudice. *Id*. Petitioner filed a Reply/Traverse to the Answer on March 15, 2023. Dkt. 13.

**II.    Discussion**

Petitioner filed his Petition on October 19, 2022. *See* Dkts. 1, 3. However, Respondent argues Petitioner filed his Petition after the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*.,

and further argues Petitioner is not entitled to any form of tolling that would excuse the late

filing. Dkt. 10. In his Traverse, Petitioner does not argue his Petition is timely; rather, he

contends this Court should grant him equitable tolling of the statute of limitations. Dkt. 13.

       A.      <u>Statute of Limitations</u>

Pursuant to AEDPA, a one-year statute of limitations applies to federal habeas petitions.

28 U.S.C. § 2244(d). Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within

one year of "the date on which the [state court] judgment [of conviction] became final by the

conclusion of direct review or the expiration of the time for seeking such review." If during the

limitations period a "properly filed application for state post-conviction or other collateral review

. . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*,

544 U.S. 480, 410 (2005).

In state court, a direct review generally concludes and the judgment becomes final either

upon the expiration of the time for filing a petition for writ of certiorari with the United States

Supreme Court, or when the Supreme Court rules on a timely filed petition for certiorari. *Bowen*

*v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Here, Petitioner filed a direct appeal challenging his conviction and sentence. Dkt. 11-1,

Ex. 2. The state supreme court denied review on November 28, 2018. Dkt. 11-1, Ex. 8. Petitioner

did not file a petition for writ of certiorari in the Supreme Court (*see* Dkt. 10 at 9), making his

direct appeal final on February 27, 2019, the date the time for filing a petition for certiorari

expired. *See* U.S. Sup. Ct. Rule 13 (a writ of certiorari must be filed within 90 days after entry of

the judgment). The AEDPA limitations period began running on February 27, 2019.

The AEDPA limitations period ran for 41 days, then, on April 8, 2019—the date Petitioner

filed his first PRP—the limitations period tolled pursuant to 28 U.S.C. § 2244(d)(2). *See* Dkt. 11-

1, Ex. 10. The statute of limitations, therefore, stopped running from April 8, 2019, until March

9, 2021, the date on which Petitioner's PRP became final. *See Carey v. Saffold,* 536 U.S. 214, 220 (2002) (an application remains "pending" "until the application has achieved final resolution through the State's post-conviction procedures"); *Corjasso v. Ayers*, 278 F.3d 874, 879 (9th Cir. 2002) (finding the statute of limitations remains tolled until the state collateral attack becomes final). When his first PRP became final, Petitioner had 324 days remaining to file his federal Petition. In other words, Petitioner had until January 27, 2022, to file a timely federal habeas petition. Petitioner did not file the instant Petition until October 19, 2022, which was nearly 9 months after the limitations period expired.

Petitioner is not entitled to statutory tolling for his second PRP. Section 2244(d)(2) allows for tolling when a "properly filed" state collateral attack is pending before the state courts. *See Pace*, 544 U.S. at 410 (noting only a "properly filed" state collateral attack will toll the AEDPA statute of limitations). However, an application for state relief from a conviction "is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). A petitioner must observe all the "condition[s] to filing," such as submission of the filing fee and timeliness of the petition, in order for an application for state relief to be "properly filed." *Pace*, 544 U.S. at 413.

Here, Petitioner's second PRP was dismissed as untimely by the state supreme court because it was filed outside the state one-year statute of limitations. Dkt. 12, Ex. 30. The Supreme Court has clearly stated an application for state post-conviction relief that is dismissed as untimely is not "properly filed" for purposes of § 2244. *Pace*, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)") (internal quotations omitted). Thus, because Petitioner's second PRP was not

1  filed within the state statute of limitations and so was not properly filed, Petitioner is not entitled

2  to statutory tolling for the period in which he pursued that PRP.

3          As Petitioner did not file the instant Petition within one year of his judgment and

4  sentence becoming final, and Petitioner has only shown he is entitled to statutory tolling for his

5  first PRP, the Court finds the federal Petition is untimely.

6          B.       Equitable Tolling

7          The one-year statute of limitations governing federal habeas petitions is subject to

8  equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). The

9  Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the

10 threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions

11 swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The petitioner bears

12 the burden of showing that equitable tolling should be applied. *Id*. at 1065.

13         In order to receive equitable tolling, a petitioner must show "'(1) that he has been

14 pursuing his rights diligently[;] and (2) that some extraordinary circumstance stood in his way'

15 and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). "[T]he

16 requirement that extraordinary circumstances 'stood in his way' suggests that an external force

17 must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or

18 negligence on [the petitioner's] part, all of which would preclude application of equitable

19 tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v.*

20 *Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner must also establish that the

21 extraordinary circumstance itself was—in fact—the reason the federal habeas petition was

22 untimely. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

23

24

1    Petitioner argues extraordinary circumstances beyond his control prevented him from

2    timely filing his federal habeas petition and, therefore, he is entitled to equitable tolling of

3    federal one-year statute of limitations. *See* Dkt. 13. First, he claims his mother mailed a state

4    collateral attack in the form of a CrR 7.8 Motion to Vacate in superior court on January 30, 2021,

5    raising newly discovered evidence, but after several months, he discovered the court did not

6    receive it. *Id*. at 5. Due to the delayed response of the superior court, Petitioner claims he did not

7    file his second PRP until June 24, 2021. *Id*. However, even if the superior court had received

8    Petitioner's Motion to Vacate on January 30, 2021, it would have been considered untimely

9    because it was filed more than one year after Petitioner's judgment became final on February 27,

10   2019.[2] *See* RCW 10.73.090(1) ("No petition or motion for collateral attack on a judgment and

11   sentence in a criminal case may be filed more than one year after the judgment becomes final").

12   In its August 25, 2021, order, the state court of appeals acknowledged Petitioner's

13   untimely filing of his second PRP, but considered it a successive petition raising a new ground

14   for relief that "appears to implicate a statutory exception to the time bar." Dkt. 12 at 95, Ex. 29

15   (citing RCW 10.73.100(1)). The court transferred the second PRP to the state supreme court for

16   final determination, and that court considered Petitioner's newly discovered evidence on the

17   merits, finding Petitioner's evidence would not have altered the outcome of his case and, thus,

18   did not qualify as new evidence exempting the second PRP from the time bar. Dkt. 12, Ex. 30.

19   Thus, the state supreme court properly found Petitioner's second PRP untimely. *Id*.

20

21

22   ─────────────────

23   [2] The Court also notes Petitioner's May 2020 motions filed in the state court of appeals seeking to vacate the order dismissing his first PRP and to grant Petitioner leave to file an amended PRP with newly discovered evidence, were also filed more than one year after Petitioner's judgment became final in February 2019. *See* Dkt. 11-1, Exs. 18, 19; *see supra*, note 1, at 2. The state supreme court considered these motions in its October 2020

24   decision denying discretionary review. Dkt. 12, Ex. 24.

1    Based on these circumstances, it is clear Petitioner's second PRP was not timely under

2    RCW 10.73.090(1), and the state courts properly found no basis to apply the statutory exception

3    to the time bar set forth in RCW 10.73.100(1). In these proceedings, Petitioner has failed to

4    demonstrate extraordinary circumstances—namely, the state court's failure to timely consider his

5    January 30, 2021, Motion to Vacate *and* the subsequent state court ruling on his assertion of

6    newly discovered evidence as an exception to the time bar—prevented him from filing a timely

7    federal habeas petition. As a result, he is not entitled to equitable tolling.

8    Second, Petitioner contends he is entitled to equitable tolling because "[d]ue to [multiple

9    COVID] outbreaks there has been restricted movements and restricted access to the law library

10   along with issues of signing up for law library time." Dkt. 13 at 6. While he adds that his

11   institution has had "multiple Covid outbreaks in the last 3 years and [Petitioner] has tested

12   positive within the last year," (*id.*), he does not identify when the institution restricted

13   movements and access within that 3-year period or when his COVID diagnosis would have

14   prevented him from preparing his petition. Further, he provides no evidence to substantiate his

15   contentions. *See id.* Such unsubstantiated, conclusory allegations do not warrant equitable

16   tolling. *See Jackson v. Evans*, 286 F. App'x 516, 516 (9th Cir. 2008) ("[The petitioner] has made

17   only vague allegations that he was denied access to the library, and he has not shown that the

18   alleged denial of access was the proximate cause of his delay in filing his federal petition.");

19   *Ramirez v. Carter*, 174 F. App'x 415, 416 (9th Cir. 2006) ("We agree with the district court that

20   [the petitioner's] allegations were too 'vague and insufficient' to justify tolling because [he] did

21   not specify the time period during which he was denied access to legal materials."); *Brown v.*

22   *Holbrook*, No. 21-35605, 2023 WL 2445685, at *2 (9th Cir. Mar. 10, 2023) (an argument that

23   "the [COVID] pandemic has been an extraordinary circumstance for this nation" fails to explain

24

1    how COVID generally gave rise to the petitioner's particular "extraordinary circumstances" as a

2    basis for equitable tolling); *Calvin v. Elfo*, No. 2:20-CV-00866-RSM, 2021 WL 2894820, at *3

3    (W.D. Wash. July 9, 2021) ("conclusory assertions" that "COVID-19 protocols" allegedly

4    "restricted [prisoner's] law library access" did not warrant equitable tolling).

5        In sum, the Court finds Petitioner has failed to demonstrate that any extraordinary

6    circumstances prevented him from filing a timely federal habeas petition. Therefore, Petitioner

7    has failed to show he is entitled to equitable tolling and the Petition is barred by the § 2244

8    limitations period.

9    **III.    Evidentiary Hearing**

10       The decision to hold an evidentiary hearing is committed to the Court's discretion.

11   *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

12   hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

13   entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is

14   available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

15   state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

16   entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

17   record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

18   court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court has held that

19   when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not

20   consider any facts beyond the factual record presented to the state post-conviction relief court –

21   unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 142 S.

22   Ct. 1718, 1734 (2022).

23

24

1    The Court finds it is not necessary to hold an evidentiary hearing in this case because, as

2 discussed in this Report and Recommendation, the Petition may be resolved on the existing state

3 court record.

4 **IV.   Certificate of Appealability**

5    A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

6 court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

7 (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

8 may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

9 constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by

10 demonstrating that jurists of reason could disagree with the district court's resolution of his

11 constitutional claims or that jurists could conclude the issues presented are adequate to deserve

12 encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack*

13 *v. McDaniel*, 529 U.S. 473, 484 (2000)).

14    No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or

15 would conclude the issues presented in the Petition should proceed further. Therefore, the Court

16 concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

17 **V.   Conclusion**

18    The Petition is untimely as it was filed more than one year after the state court judgment

19 became final. There are no extraordinary circumstances in this case requiring the application of

20 equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period

21 imposed under 28 U.S.C. § 2244(d) and the Court recommends the Petition be dismissed with

22 prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

23

24

1    Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

2  shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed.

3  R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

4  *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

5  those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

6  *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

7  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 19,**

8  **2023**, as noted in the caption.

9    Dated this 4th day of May, 2023.

10

11

12    Grady J. Leupold
      United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24