1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

KEVIN SCOTT GRIFFITH,                          CASE NO.  2:22-cv-01491-RJB-GJL

                              Petitioner,        ORDER ADOPTING REPORT AND
                                                 RECOMMENDATION AND
         v.                                      DISMISSING PETITION

DAN WHITE,

                              Respondent.

12
13
14
15
16

        This matter comes before the Court on the Report and Recommendation of U.S.

17   Magistrate Judge Grady J. Leupold.  Dkt. 15.  The Court has considered the Report and

18   Recommendation, objections to the Report and Recommendation and the contents of the file.  It

19   is fully advised.

20        On November 3, 2016, the Petitioner was found guilty by a jury of one count of child

21   molestation in the first degree for the rape of his then five-year-old daughter from February 11,

22   2014 through February 16, 2014.  Dkt. 11-1 at 2, Ex. 1.  After filing a direct appeal and various

23   personal restraint petitions in Washington State Courts, he filed a *habeas corpus* petition in this

24

1   court pursuant to 28 U.S.C. § 2254 on October 19, 2022.  Dkt. 1.  The Report and

2   Recommendation recommends that the Court find that the petition is untimely and that he is not

3   entitled to either statutory or equitable tolling.  Dkt. 15.  It recommends that his motion for an

4   evidentiary hearing be denied, the petition be dismissed with prejudice, and the certificate of

5   appealability be denied.  *Id.*  The Petitioner filed objections to portions of the Report and

6   Recommendation.  Dkt. 16.

7          The Report and Recommendation (Dkt. 15) should be adopted.  The Petitioner's

8   objections do not provide a basis to fail to adopt the Report and Recommendation.

9          **Evidentiary Hearing.**  The Petitioner fails to object to the recommendation that an

10  evidentiary hearing should not be held.  There are no grounds to hold an evidentiary hearing.

11         **Timeliness.**  The Petition was not timely filed and there is no basis to toll the statute of

12  limitations. The Petitioner does not dispute that he failed to timely file his federal petition as

13  required by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241.

14  He does not make a showing that he is entitled to statutory tolling of the one-year statute of

15  limitations in AEDPA.

16         The Petitioner instead argues that the Washington State Supreme Court erred in finding

17  that he was not entitled to equitable tolling of the state statute of limitation based on newly

18  discovered evidence.  Dkt. 16.  As to the "newly discovered evidence," the Petitioner contends

19  that on April 27, 2020, the victim's uncle was charged, and pleaded guilty, to having sexual

20  intercourse with the victim between January 1, 2011 and March 21, 2013.  *Id.*  He maintains that

21  this demonstrates that the result of his trial would have been different.  *Id.*

22         In order to receive equitable tolling, the Petitioner must demonstrate that "'(1) he has

23  been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

24

way and prevented timely filing'" of his *habeas corpus* petition.  *Holland v. Florida,* 560 U.S. 631, 645 (2010).  As stated in the Report and Recommendation, the Petitioner makes no showing that the Washington State Supreme Court's ruling on his assertion of newly discovered evidence as an exception to the time bar prevented him from timely filing his **federal** *habeas corpus* petition in this Court.

The Petitioner repeats his contention that he is entitled to equitable tolling based on the restrictions that the COVID-19 pandemic placed on his ability to timely file his petition.  Dkt. 16.  The Report and Recommendation properly points out that he fails to point to evidence that COVID-19 protocols gave rise to "extraordinary circumstances" in his particular case.

**Certificate of Appealability**. The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a *habeas* petitioner must make a showing that reasonable jurists could disagree with the district court's resolution of his or her constitutional claims or that jurists could agree the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–485 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

A certificate of appealability should be denied.  Petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Jurists could not agree that the issues presented were adequate to deserve encouragement to proceed further.  *Slack,* at 483-485.

It is **ORDERED** that,

- The Report and Recommendation (Dkt. 15) **IS ADOPTED**;

- The motion for an evidentiary hearing **IS DENIED**;

- This Petition **IS DISMISSED WITH PREJUDICE**; and

- The certificate of Appealability **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 31st day of May, 2023.

ROBERT J. BRYAN
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION - 4